# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:05CR216 |
| | § | |
| QUINCY LEE HENDERSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on September 5, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Don Bailey. The Government was represented by Maureen Smith.

On November 16, 2006, Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of 72 months imprisonment to run concurrent to the defendant's undischarged terms of imprisonment in Case Nos. 52432, 53472, and 53473 in the 59th District Court of Grayson County, Texas, to be followed by a three-year term of supervised release for the offense of felon in possession of a firearm. Defendant began his term of supervision on October 27, 2011. On August 30, 2012, the case was transferred to the Honorable Marcia A. Crone, United States District Judge.

On June 18, 2012, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 28). The Petition asserts that Defendant violated

1

the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; and (5) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On June 5, 2012, Defendant was arrested by the Sherman, Texas, Police Department and charged with assault causing bodily injury - family violence. It is alleged that Defendant struck Chanell Bevels causing a large knot above her left eye and causing her forehead to swell. Defendant was subsequently released on a $1,500 surety bond. As of June 18, 2012 this charge remains pending; (2) On June 4 and 6, 2012, Defendant submitted urine specimens that tested positive for marijuana. Defendant denied said use. Alere Laboratory confirmed said positive specimen results; (3) On March 19, 2012, Defendant was instructed to no longer associate with Chanell Bevels who has previously been convicted of a felony in the 15th District Court of Grayson County, Texas, Case No. 59118. On June 5, 2012, Defendant violated this condition as evidenced by his arrest for assaulting her at her residence. (4) On June 6, 2012, Defendant was asked why he would test positive for marijuana twice in a 48 hour period if he had not been using said substance. Defendant did not admit to using marijuana and continued to deny its use. Alere Laboratories later confirmed Defendant's urine specimen did test positive for marijuana.

At the hearing, Defendant entered a plea of true as to allegations (2)-(5) but did not enter any plea regarding allegation (1) and the pending assault charge out of Grayson County. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the September 5, 2012 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with twenty-eight (28) months supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 6th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE